[No. 6,493.—Department No. 2.]

NATHAN v. DOANE ET AL.

CONFLICT OF EVIDENCE—FINDINGS—FRAUD AS TO CREDITORS.

APPEAL from a judgment for defendants, and from an order denying a new trial, in the Sixth District Court, County of Sacramento. DENSON, J.

The facts are stated in the opinion.

*J. H. McKune*, and *W. F. George*, for Appellant.

*Joseph Naphtaly*, for Respondent.

SHARPSTEIN, J.:

The plaintiff, a judgment creditor of one Justin Gates, seeks in this action to have a judgment against said Justin, and in favor of James H. Gates, entered previously to the entry of plaintiff's judgment, declared fraudulent and void as against the

plaintiff herein, and to have the defendants herein surrender the property which they acquired through a purchase at sheriff's sale upon an execution issued upon said judgment recovered by James H. against Justin Gates, to the Sheriff, who has in his hands an execution issued upon the judgment recovered by the plaintiff against said Justin Gates, to be sold upon said last-mentioned execution, and to have the proceeds of such sale applied to the satisfaction of said last-mentioned judgment; and if any part of said property has been sold by the defendants herein, that they be required to pay into court a sum of money equal to the value of the goods sold, to be applied to the satisfaction of said judgment, in favor of the plaintiff herein.   All the allegations of fraud are denied by the defendants, and the Court found in their favor upon all the material issues, and rendered judgment in their favor.   The plaintiff moved upon a bill of exceptions for a new trial, which the Court denied.   From the judgment and the order denying a new trial this appeal is taken.   The plaintiff relies upon the insufficiency of the evidence to justify the findings and judgment of the Court.

We have examined the evidence incorporated in the bill of exceptions, and find that there is some evidence to support each finding of the Court.   Whether or not the findings are supported by a preponderance of evidence is not for us to decide.   The plaintiff relies upon fraud, and it is incumbent on him to establish it.   A court will never presume it.   And there being evidence tending to prove that there was no fraud committed by the defendants, or any of them, in the procurement of the judgment which the plaintiff seeks to have declared fraudulent and void, we cannot disturb the findings and judgment of the Court below.

Judgment and order appealed from affirmed.

MYRICK, J., and THORNTON, J., concurred.